# D.

DABNEY (FOYE v.). See Case No. 5,022.

DADE (GUNNEL v:). See Case No. 5,869.

## Case No. 3,532.

### DADE v. HERBERT.

[1 Cranch, C. C. 85.][1]

Circuit Court, District of Columbia. April Term, 1802.

RELEASE BY ASSIGNEE.

A release from the assignee of a chose in action is a bar to an action by the assignor for the same cause of action.

Action of assumpsit, upon a promise in writing, not under seal, to convey lands. After the suit brought, Dade assigned his right of action to Flannery, and empowered him to receive the money, and to apply to his own use as much of it as would satisfy a debt due by Dade to Flannery. This assignment and power were not stamped, and therefore could not be given in evidence as a power of attorney.

Mr. Swann, for defendant, having had leave to plead specially, pleaded this assignment and a release from Flannery to the defendant.

Mr. Youngs, for plaintiff, objected to the filing of this plea at this stage of the cause, there having been an office judgment. But it appearing that the plaintiff had, by leave of the court, amended his declaration since the office judgment, the court received the plea. Loft's Gilbert, L. E. 403; Bull. N. P. 150, 151.

The plaintiff prayed oyer, and demurred generally.

Mr. Youngs, for plaintiff. The assignment conveys only a right to such part of the sum as was sufficient to satisfy Flannery's claim. It did not authorize him to release or to dismiss the action. A chose in action is not assignable at law. The question is whether this assignment gave Flannery a right at law to release the debt.

Mr. Swann, for defendant. The operative words of this assignment purport to convey the whole right of action, and they are not controlled by the subsequent expressions contained in the power of attorney. But the assignee of an open account, if the debtor assumes to pay to the assignee, may recover in his own name; Mouldsdale v. Birchall, 2 W. Bl. 820; the assignment being a good consideration of such assumpsit. Fenner v. Meares, 2 W. Bl. 1269. If Herbert had assumed to pay the money to Flannery, he might have supported an action in his own name. But here he not only assumed to pay, but actually did pay. If Flannery had

a right to recover in his own name, he had a right to give a release upon payment of the money.

THE COURT overruled the demurrer.

## Case No. 3,533.

### DADE v. MANDEVILLE.

[1 Cranch, C. C. 92.][a]

Circuit Court, District of Columbia. April Term, 1802.

JUDGMENT AGAINST CO-SURETY—JURISDICTION.

The summary remedy given in Virginia by a motion against a co-surety is confined to the court which rendered the original judgment.

Motion by Dade for judgment against Mandeville, as joint surety with Dade for Brown & Co. Judgment had been rendered against Dade in the Fairfax county court.

Mr. Simms, for defendant, contended that the summary remedy by one surety against another, was confined to the court who gave the original judgment. Rev. Code, 292, 337.

THE COURT so decided.

## Case No. 3,534.

### DADE v. YOUNG.

[1 Cranch, C. C. 123.][a]

Circuit Court, District of Columbia. June Term, 1803.

DEPOSITION—CROSS-EXAMINATION.

If a party has had no opportunity to cross-examine a witness against him whose deposition is taken under the act of congress, the court will continue the cause.

[Cited in Straas v. Marine Ins. Co., Case No. 13,518.]

Continuance granted on the ground that the defendant had no opportunity to cross-examine the witness whose deposition was taken under the act of congress.

## Case No. 3,535.

### In re DAGGETT et al.

[8 N. B. R. (1873) 287.][1]

District Court, E. D. Missouri.[a]

BANKRUPTCY—DEATH OF PARTNER—CONTROL OF ASSETS.

Where one of the partners has died, and, under the statute of the state, the partnership property is placed in the hands of the personal representative of the deceased partner to be administered, the court in bankruptcy will not, on a petition against the surviving partners,

---

[a] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reprinted by permission.]

[a] [Affirmed in Case No. 3,536.]

[1] [Reported by Hon. William Cranch, Chief Judge.]